**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** **5:24-cv-05195-TLB** |
| **v.** | ) ) ) | **AMENDED COMPLAINT** |
| **NORTHWEST ARKANSAS HOSPITALS, LLC d/b/a NORTHWEST MEDICAL CENTER-BENTONVILLE** | ) ) ) ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Efrin Chavez who was adversely affected by such practices. The Commission alleges that Northwest Arkansas Hospitals, LLC d/b/a Northwest Medical Center- Bentonville subjected Chavez to different terms, conditions, or privileges of employment because of his sex, male, and constructively discharged Chavez. Defendant Employer refused to allow Chavez to perform his surgical technician job duties, because of his sex, male, from January 2022 to July 2022.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for Western District of Arkansas, Fayetteville Division.

## PARTIES

3.      The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII.

4.      At all relevant times, Defendant Northwest Arkansas Hospitals, LLC d/b/a Northwest Medical Center- Bentonville (Defendant Employer) has continuously been a limited liability company specifically formed to provide professional services and doing business in the State of Arkansas and the City of Bentonville and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII.

6.      At all relevant times, Defendant Employer has been a covered entity under 42 U.S.C. §2000e-5(f)(1) and (3) and 42 U.S.C. §2000e-2(a).

## ADMINISTRATIVE PROCEDURES

7.      More than 30 days prior to the institution of this lawsuit, Chavez filed a charge of discrimination with the Commission against Defendant Employer alleging Defendant Employer violated Title VII.

8.      On November 17, 2023, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

9.     The Commission engaged in communications with Defendant Employer to provide Defendant Employer with the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10.    The Commission was unable to secure from Defendant Employer conciliation agreements acceptable to the Commission.

11.    On December 12, 2023, the Commission issued Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Sex Claim

13.    Since at least January of 2022, Defendant Employer engaged in unlawful employment practices at its Bentonville, Arkansas location in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

14.    The unlawful employment practices include subjecting Efrin Chavez to different terms, conditions, or privileges of employment because of his sex, male.

15.    On or about December 7, 2021, Chavez applied for a surgical technician position in the Labor and Delivery Unit at Defendant Employer to gain experience in labor and delivery.

16.    On or about January 10, 2022, Defendant Employer hired Chavez as a surgical technician in the Labor and Delivery Unit.

17.    Although Chavez lacked a certification as a surgical technician, the state of Arkansas does not require surgical technicians to obtain a certification when working in labor and delivery during vaginal births.

18.    The state of Arkansas requires on-the-job training for surgical technicians.

3

19.     As a surgical technician, Chavez was required to, among other things, set up the tables with instruments, takes patient vitals, places fetal monitors on the patient, cleans the area post procedures, bathes babies, assists nurses and doctors during deliveries, and takes blood samples to the labs.

20.     The surgical technician position would allow Chavez to work with surgical instruments used in deliveries, observe deliveries, and sterilize equipment.

21.     Within days of starting his new position, Doctors Katie Beal and Amy Fry refused to allow Chavez to assist with deliveries and take patient vitals in the Labor and Delivery Unit.

22.     Dr. Beal told Jennie McClain, Director of Women's Services, that she should not have hired a male surgical technician.

23.     Dr. Beal told McClain that previous directors knew she and Dr. Fry only wanted to work with females in the Labor and Delivery Unit.

24.     Drs. Beal and Fry insisted on employing an all-female staff in the Labor and Delivery Unit.

25.     Drs. Beal and Fry let staff at the hospital know that males lacked any reason to be present in labor and delivery.

26.     Dr. Beal told McClain she was uncomfortable with Chavez's age, then 19 years old.

27.     McClain realized Drs. Beal's and Fry's refusal to allow Chavez to perform his duties constituted sex discrimination.

28.     McClain texted Kimberly Arnold, Chief Nursing Arnold, who responded that refusing to allow Chavez to work in the delivery room could constitute sex discrimination.

29.     Arnold texted McClain that she needed to inform compliance, legal, and the human resources department.

4

30. Chavez trained in and assisted in the deliveries of Drs. Lisa Bearden, Natalie Eiland, and Amy Sarver at Defendant Employer.

31. Drs. Fry and Beal allowed uncertified females to work in Labor and Delivery during vaginal and Cesarean section deliveries.

32. Drs. Fry and Beal prohibited Chavez from setting up for delivery, remaining in the room during delivery, and cleaning up after delivery.

33. Drs. Fry and Beal did not allow Chavez to perform his job duties or gain the experience that comes from working in a labor and delivery unit.

34. Drs. Fry and Beal denied Chavez the opportunity to observe deliveries, assist in the deliveries, and assist in patient care.

35. Drs. Fry and Beal denied Chavez the opportunity to develop his skills and training as a surgical technician.

36. By denying Chavez's presence in their delivery rooms because of his sex male, Drs. Fry and Beal did not allow Chavez to perform the job duties for the surgical technician position.

37. Because Chavez could not perform his assigned duties, and Drs. Fry and Beal prevented Chavez from doing his job because he was a male.

38. Drs. Fry and Beal denied Chavez the opportunity to receive on the job training that female surgical technicians received.

39. Drs. Fry and Beal effectively prevented Chavez from gaining valuable job experience needed for a career in medicine.

40. A surgical technician position serves as a steppingstone to other positions in the medical field.

41. A surgical technician position allows the technician to adapt to the healthcare environment and observe sterile techniques used daily in the hospital.

5

42.    Drs. Fry and Beal's refusal to allow Chavez to work in the delivery room and assist patients created a disadvantageous change to the terms, conditions, or privileges of the job for which Defendant employer hired him.

43.    Because of the different terms, conditions, or privileges of employment than for which Defendant Employer hired Chavez, Defendant Employer denied Chavez the opportunity to receive on the job training that female surgical technicians received.

44.    The effect of the practices complained of in paragraphs 14-43 has been to deprive Chavez of equal employment opportunities and otherwise adversely affect his status as an employee by forcing him to resign because of the discrimination based on his sex, male.

45.    The unlawful employment practices complained of in paragraphs 14-43 were and are intentional.

46.    The unlawful employment practices complained of in paragraphs 14-43 above were done with malice and/or with reckless indifference to the federally protected rights of Chavez.

## Constructive Discharge Claim

47.    Since at least January of 2022, Defendant Employer engaged in unlawful employment practices at its Bentonville, Arkansas location in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

48.    The unlawful employment practices include forcing Efrin Chavez to quit his employment because Dr. Beal and Dr. Fry made the working conditions so intolerable when they refused to allow Chavez into the labor and delivery unit during their deliveries.

49.    The Commissions repeat verbatim paragraphs 15-43.

50.      After Defendant Employer learned of the allegations of sex discrimination to which Defendant Employer subjected Chavez, Defendant employer failed to take any action to protect Chavez.

51.      Defendant Employer continued to allow Dr. Beal and Dr. Fry to deny Chavez to work in the Labor and Delivery Unit.

52.      During a delivery by Dr. Beal or Dr. Fry, Chavez felt isolated and humiliated.

53.      Defendant Employer failed to investigate the sex discrimination claim.

54.      Because of the humiliation, isolation, and lack of on-the-job training, Chavez's working conditions became intolerable.

55.      Chavez was unable to gain experience as a surgical technician.

56.      Chavez was forced to resign.

57.      The effect of the practices complained of in paragraphs 47-56 has been to deprive Chavez of equal employment opportunities and otherwise adversely affect his status as an employee by forcing him to resign because of the discrimination based on his sex, male.

58.      The unlawful employment practices complained of in paragraphs 47-56 were and are intentional.

59.      The unlawful employment practices complained of in paragraphs 47-56 above were done with malice and/or with reckless indifference to the federally protected rights of Chavez.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

engaging in any employment practices which discriminate based on sex, male and constructive discharge.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Chavez, by providing appropriate backpay with prejudgment interests, in amounts to be determined at trial, and other affirmative relive necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Chavez as a surgical technician to gain the experience Defendant Employer denied him.

D.      Order Defendant Employer to make whole Chavez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Chavez by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

F.      Order Defendant Employer to pay Chavez punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Amended Complaint.

Respectfully submitted,

**ANDREW ROGERS**
Acting General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel

*/s/ Faye A. Williams*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
200 Jefferson Avenue, Suite 1400
Memphis, TN  38103
Telephone: (901) 685-4609

*/s/ Gary Sullivan*
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

*/s/ Jennifer Corbin Bearden*
Trial Attorney
AR Bar No. 2013027
jennifer.bearden@eeoc.gov

*/s/ Maryna Jackson*
Trial Attorney
AR Bar No. 2009111
maryna.jackson@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR  72201
Telephone: (501) 900-6158

9