# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**                                **PLAINTIFF**

**V.**                           **CASE NO. 5:24-CV-5195**

**NORTHWEST ARKANSAS HOSPITALS, LLC d/b/a**
**NORTHWEST MEDICAL CENTER-BENTONVILLE**                                     **DEFENDANT**

## OPINION AND ORDER

Now before the Court are Defendant Northwest Arkansas Hospitals, LLC's partial Motion to Dismiss and Brief in Support (Docs. 27–28) and Plaintiff Equal Employment Opportunity Commission's Response in Opposition (Doc. 30). For the reasons that follow, Northwest Arkansas Hospitals' Motion is **GRANTED**.

The Equal Employment Opportunity Commission ("EEOC") brings this case on behalf of Efrin Chavez, a surgical technician who was hired by Northwest Arkansas Hospitals ("NWA Hospitals") in January of 2022 for a position in the Labor and Delivery Unit. (Doc. 26, ¶ 16). EEOC alleges that NWA Hospitals discriminated against Mr. Chavez because of his sex (male), by subjecting him to different terms, conditions, or privileges of employment and for his constructive discharge from the position when he resigned six months later in July. *Id.* ¶¶ 54–57. NWA Hospitals moves to dismiss only the constructive discharge, but not the sex discrimination, claim.

Surgical technicians assist medical professionals in the operating room. Under Arkansas law, "on the-job-training" is "required" for surgical technicians, but they do not need any formal certification to work in labor and delivery during vaginal births. *Id.* ¶¶ 17–18. Then-19-year-old Chavez's job responsibility in the labor and delivery unit included "set[ting] up the tables with instruments, tak[ing] patient vitals, plac[ing] fetal monitors on

1

the patient, clean[ing] the area post procedures, bath[ing] babies, assist[ing] nurses and doctors during deliveries, and tak[ing] blood samples to the labs." *Id.* ¶ 19. In his role as an L&D tech, Mr. Chavez expected to "work with surgical instruments used in deliveries, observe deliveries, and sterilize equipment." *Id.* ¶ 20. Two doctors at NWA Hospitals refused to allow Mr. Chavez to participate before, during, or after their patients' deliveries. *Id.* ¶¶ 21, 32–35. They made comments to other hospital employees indicating that they were uncomfortable with male surgical technicians working in L&D. *Id.* ¶¶ 22–25. Other doctors allowed Mr. Chavez to participate in their deliveries. *Id.* ¶ 30. According to the EEOC, the fact that two doctors refused to allow Mr. Chavez into their patients' delivery rooms forced Mr. Chavez to quit his employment because the working conditions were intolerable. *Id.* ¶ 48. Mr. Chavez felt "isolated and humiliated" when the two doctors' patients were delivering and he was not allowed to participate. *Id.* ¶ 52. His feelings of isolation and humiliation, coupled with the purported "lack of on-the-job training" made Chavez's working conditions intolerable and forced him to resign. *Id.* ¶¶ 54, 56.

NWA Hospitals asserts that the EEOC has failed to state a plausible constructive discharge claim. Under Rule 12(b)(6), the Court should dismiss a claim when it is not supported by "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state a claim for constructive discharge, a plaintiff must allege: "(1) 'he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign,' and (2) 'he actually resigned.'" *Norgren v. Minn. Dep't of Hum. Servs.*, 96 F.4th 1048, 1056 (8th Cir. 2024) (quoting *Green v.*

*Brennan*, 578 U.S. 547, 555 (2016)). "The analysis involves consideration of 'all of the attendant circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Willis v. Henderson*, 262 F.3d 801, 809 (8th Cir. 2001)).

EEOC has failed to plausibly allege facts sufficient to show that a reasonable person in Mr. Chavez's position would have felt compelled to resign. Mr. Chavez's subjective feelings of isolation and humiliation do not support the conclusion that his working conditions would have been intolerable to a reasonable person. *West v. Marion Merrell Dow, Inc.*, 54 F.3d 493, 498 (8th Cir. 1995). EEOC's allegation of intolerable working conditions boil down to a single restriction: two doctors of the many whose patients delivered babies at NWA Hospitals did not allow Mr. Chavez into the delivery room with their patients. Apart from this restriction, EEOC does not allege that Mr. Chavez was harassed or threatened because of his sex or given poor performance reviews because of his exclusion from these deliveries. EEOC affirmatively alleges that Mr. Chavez "trained in and assisted in" deliveries for the patients of at least three other doctors. (Doc. 26, ¶ 30). In light of the attendant circumstances, namely the sensitive patient privacy context, no reasonable employee in Mr. Chavez's position would find his exclusion from other deliveries intolerable.

**IT IS THEREFORE ORDERED** that NWA Hospitals' partial Motion to Dismiss (Doc. 27) is **GRANTED** and the constructive discharge claim in EEOC's Amended Complaint (Doc. 26) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 18th day of December, 2025.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

4