**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**                                      **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 5:24-cv-05195-TLB**

**NORTHWEST ARKANSAS HOSPITALS, LLC**
**d/b/a NORTHWEST MEDICAL**
**CENTER-BENTONVILLE**                                      **DEFENDANT**

## DEFENDANT'S MOTION IN LIMINE

Defendant Northwest Arkansas Hospitals, LLC ("NWAH"), pursuant to Fed. R. Evid. 401, 402, 403, 701, 801, 802, and 805, and Fed. R. Civ. P. 26 and 37, respectfully moves this Court for an Order excluding the following categories of evidence, testimony, and argument at trial:

**1.** Lay opinion testimony that NWAH "discriminated" against Efrin Chavez ("Mr. Chavez"), because such testimony constitutes an impermissible legal conclusion under Fed. R. Evid. 701.

**2.** The EEOC's administrative finding of probable cause of discrimination, because it is minimally probative, is highly prejudicial, and would confuse the jury and unnecessarily lengthen the trial under Fed. R. Evid. 402 and 403.

**3.** Testimony from former employees claiming to "regret" not reporting alleged sex discrimination against Mr. Chavez, because such testimony is irrelevant, is unfairly prejudicial, and constitutes an improper lay opinion under Fed. R. Evid. 401, 403, and 701.

**4.** Evidence or testimony suggesting that any physician witness breached the standard of care, has been subjected to medical malpractice claims, or otherwise lacks professional skill, because such evidence is irrelevant to any claim or defense in this sex discrimination action and would necessitate a trial-within-a-trial on collateral issues under Fed. R. Evid. 401 and 403.

1

**5.** Evidence, argument, or testimony regarding the hiring practices, sex discrimination policies, or male employee composition of Ozark Women's Specialty Group—a separate private medical practice owned by Drs. Beal and Fry—because such evidence is irrelevant to whether NWAH discriminated against Mr. Chavez and would confuse the jury by conflating the conduct of separate entities under Fed. R. Evid. 401 and 403.

**6.** Any testimony, argument, or colloquy regarding the number of attorneys or sizes of offices of Kutak Rock LLP, the number of counsel present at trial, or that some attorneys are from "out of town," because such references are irrelevant and would serve only to prejudice NWAH under Fed. R. Evid. 401, 402, and 403.

**7.** Any reference to jury verdicts in similar causes of action in this or other jurisdictions, because such information is irrelevant, constitutes inadmissible evidence, involves matters outside the evidence, and improperly injects counsel's personal opinions into the proceedings in violation of Fed. R. Evid. 401, 402, and 403, and Arkansas Rule of Professional Conduct 3.4(e).

**8.** News reports, press releases, articles, or other media coverage relating to this case, because such materials constitute inadmissible hearsay under Fed. R. Evid. 801 and would be substantially more prejudicial than probative under Fed. R. Evid. 403.

**9.** Evidence regarding the financial condition, net worth, market value, revenue, or profits of NWAH because such evidence is irrelevant to any claim or defense and would encourage the jury to award damages based on NWAH's perceived ability to pay rather than the merits of the case under Fed. R. Evid. 401 and 403.

**10.** "Golden Rule" arguments—including any suggestion that the jury panel or the jury should "do unto others as you would have them do unto you," "send a message," or place

themselves in the position of a party—because such arguments are universally condemned as improperly encouraging the jury to depart from neutrality.

**11.** All statements or arguments that Defendant failed to call any witness or that any witness failed to appear at trial, because permitting Plaintiff to do so would result in an improper negative inference.

**12.** Expert opinion testimony from any witness whom Plaintiff has not designated as an expert witness, because Plaintiff should be prohibited from eliciting testimony that requires specialized knowledge, training, or experience in the domain of an expert under Fed. R. Evid. 701 and 702 and Fed. R. Civ. P. 26(a)(2).

**13.** Evidence, testimony, or argument that NWAH had a habit or practice of discrimination, because this is an individual disparate treatment case and evidence of a generalized pattern of discriminatory conduct is irrelevant to whether NWAH discriminated against Mr. Chavez individually, and any such evidence would be unfairly prejudicial and would confuse the jury under Fed. R. Evid. 401, 403, and 406.

**14.** Evidence or testimony regarding other lawsuits, charges of discrimination, complaints, or investigations filed against NWAH, because such evidence is irrelevant to the specific claims at issue, would confuse the jury with collateral matters, and would be substantially more prejudicial than probative under Fed. R. Evid. 401, 402, and 403.

**15.** Testimony from witnesses regarding how they personally "feel" about NWAH as an employer, because such testimony is irrelevant to whether NWAH discriminated against Mr. Chavez, constitutes an improper lay opinion, and would unfairly prejudice the jury by injecting subjective personal sentiments into the proceedings under Fed. R. Evid. 401, 403, and 701.

4898-8218-3349.6

**16.** Evidence regarding Cassidy Lancelot as a comparator, because she is not similarly situated to Mr. Chavez in all relevant aspects. Any such evidence would be irrelevant under Fed. R. Evid. 401 and, further, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Fed. R. Evid. 403.

**17.** Evidence or testimony regarding Cameron Shewmaker as a comparator, because she is not similarly situated to Mr. Chavez in all relevant aspects. Any such evidence would be irrelevant under Fed. R. Evid. 401 and, further, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Fed. R. Evid. 403.

**18.** Evidence or testimony regarding Mr. Chavez resigning because of alleged discrimination, because such theory is no longer part of this case and therefore irrelevant under Fed. R. Evid. 401 and, further, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Fed. R. Evid. 403.

NWAH respectfully submits that the foregoing categories of evidence, testimony, and argument are inadmissible, irrelevant, unfairly prejudicial, or otherwise improper, and that the Court should enter an order precluding their introduction at trial. The detailed legal authorities and arguments supporting each request are set forth in the accompanying Brief in Support of Defendant's Motion in Limine, filed contemporaneously herewith.

This Motion is submitted for the purpose of calling the Court's attention to certain prejudicial evidentiary items that might otherwise be raised at trial; it is not to be construed as a waiver by Defendant of any right to object to other evidence introduced at trial although not specifically mentioned herein that is, at the time, deemed inadmissible by counsel for Defendant.

4

WHEREFORE, Defendant Northwest Arkansas Hospitals, LLC d/b/a Northwest Medical Center-Bentonville respectfully requests that this Court:

A.      Enter an order sustaining this Motion in Limine and precluding any reference to the matters set forth herein;

B.      Order counsel for Plaintiff to advise their witnesses that such matters are not to be discussed during the course of trial; and

C.      Grant such other and further relief as the Court deems just and proper.

Dated this 26th day of June, 2026.

NORTHWEST ARKANSAS HOSPITALS, LLC d/b/a NORTHWEST MEDICAL CENTER-BENTONVILLE, Defendant

*/s/ Gillian G. O'Hara*
Peyton C. Watts, AR 2020165
Kutak Rock LLP
1277 East Joyce Blvd., Suite 300
Fayetteville, Arkansas 72703
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
peyton.watts@kutakrock.com

Gillian G. O'Hara (*admitted pro hac vice*)
Robert J. Toth, II (*admitted pro hac vice*)
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2104
(402) 346-6000
(402) 346-1148
gigi.ohara@kutakrock.com
robert.toth@kutakrock.com

4898-8218-3349.6