**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT** | |
| **OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| | |
| **v.** | **CIVIL ACTION NO. 5:24-cv-05195-TLB** |
| | |
| **NORTHWEST ARKANSAS HOSPITALS, LLC** | |
| **d/b/a NORTHWEST MEDICAL** | |
| **CENTER-BENTONVILLE** | **DEFENDANT** |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

Defendant Northwest Arkansas Hospitals, LLC ("NWAH"), for its Brief in Support of Defendant's Motion in Limine, states as follows:

### I.      LAW AND ARGUMENT

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. "Relevant evidence" is evidence having "any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence has some relevance, it should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. It is well within a trial court's discretion to exclude inadmissible evidence under Rules 402 and 403. *Barnes v. Everett*, 351 Ark. 479, 488, 95 S.W.3d 740, 746 (2003) (interpreting Arkansas's analog Rules of Evidence).

1

1. **Exclusion of Lay Opinion Testimony Characterizing NWAH's Conduct as Discrimination**

Lay witness testimony that NWAH "discriminated" against Efrin Chavez ("Mr. Chavez") constitutes an impermissible legal conclusion that invades the province of the jury and must be excluded under Federal Rule of Evidence 701.

"A lay witness may give his opinion only if it is based on his perception and is helpful either in understanding his testimony or in determining factual issues." *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) (citing Fed. R. Evid. 701). But "[o]pinion testimony is not helpful to the factfinder if it is couched as a legal conclusion." *Id.* (citing *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (holding that a question calling for a legal conclusion supplies the jury with no information other than what the witness believes the verdict should be)).

In *Hogan*, the Eighth Circuit determined the district court erred by permitting lay witnesses to testify that they observed the defendant engage in "discriminatory acts." *Id.* A "judge and not a witness is to instruct the factfinder on the applicable principles of law . . . exclusion of opinion testimony is appropriate if the terms used have a separate, distinct, and special legal meaning," including the term "discriminate." *Id.* at 411, 412 (citation omitted).

Because testimony that NWAH "discriminated" against Mr. Chavez would supply the jury with nothing more than the witness's view of the ultimate legal issue, such testimony must be excluded under Rule 701.

2. **Exclusion of the EEOC's Probable Cause Determination**

Building on the same principle—that the jury must independently evaluate the evidence without improper outside influence—the EEOC's administrative finding of probable cause should be excluded as minimally probative and unfairly prejudicial.

4929-5429-8290.7

Eighth Circuit precedent holds "that in an employment discrimination case the admission of administrative findings, such as an EEOC reasonable cause determination, is to be left to the sound discretion of the trial court." *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984). This principle "is particularly important in cases, like the present one, in which an employment discrimination claim is tried to a jury." *Id.*

If a reasonable cause finding is admitted as evidence, however, "the jury might attach undue weight to the EEOC's determination . . . and might be confused by the evidence." *Brooks v. Carnation Pet Food Co.*, No. 84-6105-CV-SJ-6, 1985 WL 6354, at *2 n.4 (W.D. Mo. Sept. 17, 1985). This is particularly true where, as here, the EEOC would be handing the jury its own finding of reasonable cause. *See, e.g.*, *E.E.O.C. v. Smokin' Joe's Tobacco Shop, Inc.*, No. Civ. A. 06-01758, 2007 WL 2461745 at *7 (E.D. Pa. Aug. 22, 2007) (finding that admitting the EEOC determination into evidence would be "a sideshow that distracts the jury and lengthens the trial.").

Going further, "[a] finding of reasonable cause by the EEOC is not equivalent to a determination of intentional discrimination in a § 1981 or Title VII employment discrimination suit in federal court" and, thus, the agency's "determination is only 'minimally probative.'" *Brooks*, 1985 WL 6354, at *2 n.4 (quoting *Angelo v. Bacharach Instrument Co.*, 555 F.2d 1164 (3d Cir. 1977)).

The probative value of admitting the EEOC's determination into evidence in this case is minimal as Plaintiff—the EEOC—will have an opportunity to present to the jury the same admissible evidence on which the determination was based. *See Johnson*, 734 F.2d at 1309 (finding little probative value in the EEOC's determination where the same evidence was presented to the jury on all matters summarized in the report); *see also Abebe v. City of Waterloo*, No. C98-2074 MJM, 2000 WL 34030862, at *3 (N.D. Iowa Sept. 7, 2000) (finding little probative value and

excluding EEOC determination where "the bulk of the evidence reviewed during the EEOC investigation is likely to be presented to the jury").

Alternatively, admitting the determination would be highly prejudicial to NWAH because the jury might adopt the EEOC's conclusions rather than objectively reviewing the evidence and drawing its own conclusions. *See Johnson*, 734 F.2d at 1309 ("To admit the [EEOC's] report under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and ability to draw its own conclusions from the evidence presented"); *see also Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1105 (8th Cir. 1988) ("The Court must exercise its discretion, however, to ensure that unfair prejudice does not result from a conclusion based on a cursory EEOC review of the very facts examined in depth at trial").

Admitting the determination would also lengthen the trial because NWAH would then be required to put forth additional evidence exposing the weaknesses of the EEOC investigation and undermining the effect that presenting the EEOC's determination would have on the jury. *Johnson*, 734 F.2d at 1309 ("admission of the determination would have necessitated the taking of additional evidence to apprise the jury of the nature and extent of the EEOC investigation. To do so undoubtedly would have lengthened the trial").

The minimal probative value of admitting the EEOC's determination is substantially outweighed by the risk of unfair prejudice to NWAH and the risk of unnecessarily lengthening the trial. Fed. R. Evid. 403; *Johnson*, 734 F.2d at 1309 (excluding EEOC determination where the probative value of the determination was minimal because "substantial evidence was presented to the jury on all matters summarized in the report," but there was significant risk of prolonging the trial due to defendant's need to present evidence to undermine EEOC determination).

4

Because the minimal probative value of the EEOC's determination is substantially outweighed by the risk of unfair prejudice to NWAH and unnecessary prolongation of the trial, the determination is inadmissible under Rule 403 and the Court should preclude Plaintiff from referencing it.

**3.      Exclusion of Testimony Regarding Witnesses' "Regret" About Not Reporting Alleged Discrimination**

The Court should also exclude testimony from former employees who claim to "regret" not reporting alleged sex discrimination against Mr. Chavez because such testimony is irrelevant, is unfairly prejudicial, and constitutes an improper lay opinion.

A witness's after-the-fact feelings of regret about not taking action have no tendency to make any fact of consequence more or less probable under Fed. R. Evid. 401. Whether discrimination occurred is determined by the objective evidence of what happened during Mr. Chavez's employment, not by the subjective emotional reactions of bystanders years later. A witness's present-day regret is not probative of whether sex discrimination occurred.

Even if marginally relevant, testimony about "regretting" not reporting discrimination is substantially more prejudicial than probative. Fed. R. Evid. 403. Such testimony functions as an improper lay opinion that discrimination occurred, which, as argued above, is precisely the type of legal conclusion that the Eighth Circuit has held to be inadmissible. *See Hogan*, 812 F.2d at 411. A witness's regret implicitly communicates the witness's belief that discrimination took place, which is a legal conclusion for the jury alone to draw. Permitting such testimony would effectively allow witnesses to testify that NWAH "discriminated" against Mr. Chavez in violation of Fed. R. Evid. 701.

Because testimony about "regretting" not reporting discrimination is irrelevant and nothing more than a backdoor opinion that discrimination occurred—precisely the type of legal conclusion prohibited under Rule 701—the Court should exclude it.

**4.      Exclusion of Evidence of Alleged Breaches of the Standard of Care by Any Physician**

Evidence or testimony suggesting that any witness who is a medical doctor breached the standard of care, has been subjected to medical malpractice claims, or otherwise lacks professional skill is irrelevant to any claim or defense in this sex discrimination action and should be excluded.

Plaintiff should not be permitted to argue, imply in questioning, or present testimony that any physician witness has been subjected to medical malpractice claims, breached the standard of care, or otherwise lacks professional skill because such testimony is not relevant to any issue in this litigation under Fed. R. Evid. 401. The admission of any evidence on any alleged breach of the standard of care would simultaneously result in a waste of time on collateral issues, create an undue delay, and mislead the jury under Fed. R. Evid. 403. In order to provide context to these claims, it would require a mini-trial within this trial. *See Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 759 (8th Cir. 1995) (evidence would require "extended, and irrelevant, litigation [on the collateral issue], and thus would confuse the jury and waste their time and the court's."); *see also Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 818 F.2d 1398, 1404 (8th Cir. 1987) (agreeing that if other acts were admitted, the defendant would have the right "to introduce rebuttal evidence . . . confusing the issues and wasting the time of the court and the jury.").

Because evidence of alleged breaches of the standard of care is wholly collateral to the sex discrimination claims at issue and would necessitate a trial-within-a-trial on irrelevant matters, it must be excluded under Rules 401 and 403.

6

**5.      Exclusion of Evidence Regarding Ozark Women's Specialty Group's Hiring Practices, Discrimination Policies, and Employment of Male Staff**

Similarly, the Court should exclude all evidence, argument, or testimony regarding the hiring practices, sex discrimination policies, or male employee composition of Ozark Women's Specialty Group ("Ozark")—a separate private medical practice owned by Drs. Beal and Fry that is entirely distinct from NWAH.

It is undisputed that Drs. Beal and Fry are not employees of NWAH and not parties to this lawsuit. Instead, Drs. Beal and Fry own an independent obstetrics practice: Ozark. Whether Drs. Beal and Fry have hired male employees at their own private practice, whether they provide sex discrimination training to their own staff, or whether they maintain a discrimination policy at their own clinic is entirely irrelevant to the question of whether NWAH discriminated against Mr. Chavez. Fed. R. Evid. 401. This case concerns NWAH's conduct as Mr. Chavez's employer, not the independent business practices of two non-employee physicians at a separate medical practice. The hiring decisions and internal policies of Ozark have no tendency to make any fact of consequence in this litigation more or less probable. *Id.*

Additionally, any probative value of evidence regarding Ozark's practices is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 403. Introducing evidence about a separate business entity's hiring and employment decisions would confuse the jury into conflating the independent actions of Drs. Beal and Fry at their private practice with the conduct of NWAH as an employer. It would also require a mini-trial on collateral issues—including the staffing decisions of a practice that did not even exist during Mr. Chavez's employment at NWAH—that would unduly delay these proceedings and distract from the issues actually before the jury. *See Firemen's Fund*, 63 F.3d at 758-59 (determining that the subject evidence would require the underlying litigation to be extended on a collateral issue

7

4929-5429-8290.7

and confuse the jury); *see also Coast-to-Coast Stores*, 818 F.2d at 1404 (agreeing that if other acts were admitted, the defendant would have the right "to introduce rebuttal evidence . . . confusing the issues and wasting the time of the court and the jury.").

Because the independent hiring decisions and employment policies of a separate medical practice have no bearing on whether NWAH discriminated against Mr. Chavez, and because their introduction would confuse the jury and necessitate a mini-trial on collateral issues, such evidence must be excluded.

**6.    Exclusion of References to Out-of-State Counsel or the Number of Attorneys Present at Trial**

References to the size or geographic location of NWAH's legal team are entirely irrelevant to any issue before the jury and should be precluded.

NWAH requests that the Court preclude Plaintiff and all other witnesses from any testimony, argument, or colloquy regarding the number of attorneys or sizes of offices of Kutak Rock LLP, or the number of counsel present at trial, or that some attorneys are from "out of town," as any such reference is not relevant to any issue before the jury, having no tendency to make the existence of any fact of consequence in this case more or less probable, and would result in confusing the issues, misleading the jury, and unduly prejudicing NWAH. Fed. R. Evid. 401, 402, 403.

Because the identity, number, or geographic origin of NWAH's counsel has no tendency to make any fact of consequence more or less probable and would serve only to prejudice the jury against NWAH, such references must be excluded.

8

4929-5429-8290.7

**7.      Exclusion of References to Jury Verdicts in Similar Causes of Action**

The Court should preclude Plaintiff and its counsel from referencing jury verdicts in other employment discrimination cases because such information is irrelevant, constitutes inadmissible evidence, and improperly injects counsel's personal opinions into the proceedings.

"A lawyer shall not . . . in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence . . . or state a personal opinion as to the justness of a cause, the credibility of a witness, [or] the culpability of a civil litigant[.]" Ark. R. Prof'l Conduct 3.4(e); *accord* Model R. Prof'l Conduct 3.4(e).

Referring to jury verdicts in other employment discrimination cases is not allowed because such information is irrelevant to the claims in this case, involves matters outside the evidence, and improperly injects counsel's personal opinions into the proceedings. Fed. R. Evid. 401, 402, 403; Ark. R. Prof'l Conduct 3.4(e).

Moreover, jury verdicts in other cases are not admissible evidence. Each case must be decided on its own facts, and informing the jury of verdicts in unrelated proceedings would serve only to confuse the issues and mislead the jury into rendering a verdict based on improper considerations rather than the evidence before it. *See Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 390 (N.D. Iowa 1998) (agreeing that the outcome of other cases is "only marginally relevant, and if relevant at all, is unfairly prejudicial, because it presents serious potential for confusion and for decisions on an improper basis, such as conformance with other cases, rather than upon evaluation of the evidence and arguments in this case.").

Because jury verdicts in unrelated proceedings are inadmissible and irrelevant and would mislead the jury into rendering a verdict based on improper considerations, the Court should preclude any such references.

4929-5429-8290.7

**8.** **Exclusion of News Reports, Press Releases, and Other Media Coverage Relating to This Case**

Any news reports, articles, press releases, or media coverage relating to this case constitute inadmissible hearsay and should be excluded. Aspects of this case have been reported on or featured by legal news, the EEOC, and other media outlets. Newspapers, articles, and other news reports have been considered "rank hearsay that do not fit a hearsay exception." *Crews v. Monarch Fire Prot. Dist.*, 771 F.3d 1085, 1092 (8th Cir. 2014) (quoting *Nooner v. Norris*, 594 F.3d 592, 603 (8th Cir. 2012)); *accord* Fed. R. Evid. 801. The introduction of such media would also be substantially more prejudicial than probative to the jury under Fed. R. Evid. 403. Because media coverage of this case constitutes inadmissible hearsay and would be substantially more prejudicial than probative, the Court should preclude Plaintiff from referencing or introducing any such materials at trial.

**9.** **Exclusion of Evidence Regarding the Financial Status of NWAH**

Evidence regarding the financial condition of NWAH is irrelevant to any claim or defense in this action and should be excluded to prevent the jury from awarding damages based on improper considerations.

The financial condition of NWAH is not relevant to any claim or defense asserted in this action under Fed. R. Evid. 401. Evidence regarding NWAH's market value, revenue, profits, or similar information would improperly portray NWAH as a "deep pocket" and encourage the jury to award damages due only to NWAH's perceived ability to pay. *Id.* Moreover, even if such financial evidence were relevant, the probative value is vastly outweighed by the prejudice to NWAH. The evidence invites bias—regardless of the underlying facts of the case—against a company that may be perceived as "wealthy" or capable of paying a judgment against it. Fed. R. Evid. 403; *accord Union Elec. Light & Power Co. v. Snyder Est. Co.*, 65 F.2d 297, 303 (8th Cir.

10

1933) ("To permit evidence of the wealth of a party litigant . . . is prejudicial error."); *Kelley v. City of Pine Bluff*, No. 5:02CV00165, 2004 WL 5502113, at \*1 (E.D. Ark. Jan. 26, 2004) (granting motion in limine excluding "any evidence of the financial condition of" a party); *HTC Corp. v. Tech Props. Ltd.*, No. 5:08-cv-00882-PSG, 2013 WL 4782598, at \*6 (N.D. Cal. Sept. 6, 2013) (granting motion in limine as to litigant's financial status because "the probative value of evidence [related to the defendant's] . . . size, wealth, or overall revenue is substantially outweighed by the risk of unfair prejudice, confusion of issues and misleading the jury necessitating its exclusion under Rule 403"). This information should therefore be excluded under Fed. R. Evid. 401 and 403.

Finally, should the Court determine that evidence of NWAH's revenue or profits is generally admissible, Plaintiff should be precluded from presenting such evidence if and until it has established an entitlement to punitive damages to avoid any unnecessary and avoidable prejudice to NWAH. *See Robinson v. Crown Equip. Corp.*, No. 2:02-CV-00084-WRW, 2007 WL 2819661 at \*2 (E.D. Ark. Sept. 26, 2007) ("evidence of a defendant's wealth is only admissible for the purposes of evaluating the amount of punitive damages").

Because evidence of NWAH's financial status is irrelevant to the merits and would invite the jury to base its verdict on NWAH's perceived wealth rather than the evidence, such evidence must be excluded under Rules 401 and 403.

### 10. Exclusion of "Golden Rule" Arguments

"Golden Rule" arguments—asking the jury to place itself in a party's position or to "send a message"—are universally condemned and should be precluded at every stage of this trial. Courts have defined a "Golden Rule" argument as improperly suggesting to the jury panel or the jury that they should "do unto others as you would have them do unto you," apply the Golden Rule, "send a message," or place themselves in the position of a party. *See Lovett ex rel. Lovett v. Union Pac.*

11

*R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) ("A Golden Rule argument asks the jury to place itself in the [party's] position").

Each of these statements, and their innumerable variations, is "universally condemned because it encourages the jury to 'depart from neutrality and to decide the case on the basis of personal interests and bias rather than on the evidence.'" *Lovett*, 201 F.3d at 1083 (quoting *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982), *aff'd*, 465 U.S. 752 (1984)).

Because "Golden Rule" arguments improperly encourage the jury to abandon neutrality and decide the case on the basis of personal interest and bias rather than the evidence, such arguments must be precluded in their entirety.

**11.    Exclusion of References to Witnesses Not Called or Appearing at Trial**

Plaintiff should be prohibited from making statements or arguments that NWAH failed to call any witness or that any witness failed to appear at trial. Any reference to NWAH's decision not to call a witness would improperly suggest that the witness would not have anything helpful to testify to in NWAH's defense. *See Campbell by Campbell v. Coleman Co.*, 786 F.2d 892, 898 (8th Cir. 1986) (determining the trial court erred "in allowing defense counsel to raise a negative inference in closing argument based upon the plaintiffs' failure to produce a witness.").

Plaintiff should be prohibited from making statements or arguments that NWAH failed to call any witness or that any witness failed to appear at trial because permitting Plaintiff to do so would result in an improper negative inference.

**12.    Exclusion of Evidence Constituting Expert Opinions and Testimony**

The Court should prohibit Plaintiff from offering any testimony, evidence, documents, records, or argument that is the domain of an expert, such as opinions on medical diagnoses of physical or mental conditions or the causation of such conditions. Fed. R. Evid. 702.

4929-5429-8290.7

"Depression and anxiety disorder are complex injuries, requiring *expert* (as opposed to lay) testimony regarding diagnosis and causation." *Hahn v. Minn. Beef Indus., Inc.*, No. CIV.002282(RHK/SRN), 2002 WL 32658476, at *3 (D. Minn. May 29, 2002). In *Hahn*, the United States District Court for the District of Minnesota granted the defendant's motion in limine seeking to exclude "testimony about the cause of [plaintiff]'s depression and anxiety disorder." *Id.* The plaintiff failed to establish an adequate basis for any expert testimony on the issue of causation of such diagnoses. *Id.* As a result, "neither [plaintiff] nor her husband nor any other lay witness [could] testify about their beliefs as to how [plaintiff]'s alleged emotional distress injuries were caused." *Id.* Because plaintiff failed to demonstrate her anxiety and depression were caused by her former work at defendant-employer under Fed. R. Evid. 702, plaintiff could not "establish an essential element of her claim for emotional distress damages, and the Court . . . exclude[d] all evidence of [plaintiff]'s alleged emotional distress from the jury." *Id.*

Here, Plaintiff has not designated an expert in this case. Fed. R. Civ. P. 26(a)(2). With no expert testimony, Plaintiff should be prohibited from offering any testimony, evidence, documents, records, or argument specifically related to a diagnosis or the causation of Mr. Chavez's alleged emotional distress, or any such similar representations, as a result of Mr. Chavez's employment with or separation of employment from NWAH, as well as any damages related to the same. *See* Fed. R. Evid. 702; *see also Hahn*, 2002 WL 32658476, at *3.

Because such evidence would constitute an expert opinion, and because Plaintiff has not designated an expert in this case, Plaintiff should be prohibited from offering evidence related to a diagnosis or the causation of Mr. Chavez's alleged emotional distress or any such similar representations.

13

4929-5429-8290.7

**13.     Exclusion of Evidence That NWAH Has a Habit or Practice of Discrimination**

Plaintiff should be prohibited from offering any testimony, argument, evidence or colloquy that NWAH has a "habit or practice" of discriminating against male employees. This is a case brought by Plaintiff alleging individual disparate treatment—not a pattern and practice of discrimination by NWAH. Any testimony that NWAH has a habit or practice of discrimination would mislead the jury because it suggests, without foundation or evidence, that pervasive sex discrimination exists at NWAH, which would be highly prejudicial. *See* Fed. R. Evid. 401, 402, 403; *see also Callanan v. Runyun*, 75 F.3d 1293, 1298 (8th Cir. 1996) (determining district court properly excluded evidence of "generalized, subjective assertions of a perceived bias in operations" at defendant's facility under Fed. R. Evid. 402 and 403 for purposes of a Title VII disparate treatment claim).

Because this is an individual disparate treatment case—not a pattern-or-practice action—evidence or argument suggesting that NWAH has a habit or practice of discrimination is irrelevant, is highly prejudicial, and must be excluded under Rules 401, 402, and 403.

**14.     Exclusion of Evidence That NWAH Has Defended Other Lawsuits**

The Court should prohibit Plaintiff from offering any testimony, argument, evidence or colloquy that NWAH has been or is involved in other lawsuits, charges, investigations or unrelated claims, as plaintiff or defendant, prior or subsequent to this lawsuit. Any such evidence would have no tendency to make the existence of any fact that is of consequence in this case more or less probable, is immaterial and unnecessary to the disposition of this case, would result in confusing the issues and misleading the jury, and would be highly prejudicial to NWAH. *See* Fed. R. Evid. 401, 402, 403; *see also Argenyi v. Creighton Univ.*, No. 8:09CV341, 2013 WL 4434424, at *6 (D. Neb. Aug. 14, 2013). ("Testimony or other evidence regarding other lawsuits or complaints

against a defendant is generally irrelevant; and, if relevant, is likely to confuse or mislead the jury or create undue prejudice.").

Because evidence of unrelated litigation is irrelevant to the claims at issue and would serve only to confuse and prejudice the jury, such evidence must be excluded under Rules 401, 402, and 403.

**15.    Exclusion of Testimony Regarding How Witnesses "Feel" About NWAH**

Plaintiff should be prohibited from offering any testimony, argument, or colloquy by current or former employees called to testify about how they felt NWAH treated them or anyone else while employed, as any such opinions are not relevant to any issue before the jury and would have no tendency to make the existence of any fact that is of consequence in this case more or less probable, are immaterial and unnecessary to the disposition of this case, and would result in confusing the issues, misleading the jury, and unduly prejudicing NWAH. Fed. R. Evid. 401, 402, 403, 701.

Because testimony about how witnesses subjectively "feel" about NWAH is irrelevant to whether discrimination occurred and would serve only to confuse and prejudice the jury, such testimony must be excluded under Rules 401, 402, 403, and 701.

**16.    Exclusion of Testimony Regarding Cassidy Lancelot as a Comparator**

The Court should prohibit Plaintiff from offering any testimony, argument, evidence or colloquy that Cassidy Lancelot ("Ms. Lancelot") is a true "comparator" to Mr. Chavez because she is not similarly situated in all relevant respects.

"To be able to introduce evidence comparing the plaintiff to other similarly situated employees in a discrimination case, the other employees must have been 'similarly situated to the plaintiff in all relevant respects.'" *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 734 (8th Cir. 2007) (quoting *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691-92 (8th Cir. 2002)) (holding the district

15

4929-5429-8290.7

court did not abuse its discretion in excluding comparator evidence when alleged comparators were not similarly situated in terms of conduct); *accord E.E.O.C. v. CRST Van Expedited, Inc.*, No. 07-CV-95-LRR, 2013 WL 321021, at \*10 (N.D. Iowa Jan. 28, 2013) (refusing to consider evidence of other employees that would "pose a significant danger of confusing the issues for the jury, prolonging the instant trial and resulting in a separate trial within a trial").

Ms. Lancelot, a full-time certified surgical technician, held a different position than Mr. Chavez that had different duties considering she worked in NWAH's operating room, came to her position with NWAH with three years' prior work experience, and held a certification obtained by formal education for the position. Mr. Chavez, by contrast, took no classes and had no education to be a surgical technician, had no formal certification for the position, and had no prior work experience as a certified surgical technician. Moreover, unlike Mr. Chavez, Ms. Lancelot did not engage in conduct warranting Dr. Beal, Dr. Fry, or any other physician to request her exclusion from participating in patient deliveries.

Because Ms. Lancelot is not similarly situated to Mr. Chavez in all relevant aspects, Plaintiff should be prohibited from offering any evidence supporting its argument that she is a proper comparator. Any such evidence would be irrelevant under Fed. R. Evid. 401 and, further, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Fed. R. Evid. 403.

**17.    Exclusion of Testimony Regarding Cameron Shewmaker as a Comparator**

Likewise, the Court should prohibit Plaintiff from offering any testimony, argument, evidence or colloquy that Cameron Shewmaker ("Ms. Shewmaker") is a true "comparator" to Mr. Chavez because she is not similarly situated in all relevant respects. Ms. Shewmaker held the same position as Mr. Chavez as a noncertified surgical technician but, unlike Mr. Chavez, Ms. Shewmaker worked a full-time schedule. This schedule allowed her additional training

16

opportunities, while Mr. Chavez, by contrast, was a part-time employee working two shifts a week. The Eighth Circuit has indeed opined that, "[g]enerally, part-time employees are not similarly situated to full-time employees." *Johnson v. Univ. of Iowa*, 431 F.3d 325, 330 (8th Cir. 2005) (citing *Lowery v. Hazelwood Sch. Dist.*, 244 F.3d 654, 660 (8th Cir. 2001)) (finding employees were not similarly situated because, most significantly, one was a full-time employee and the other was a part-time employee). Moreover, unlike Mr. Chavez, Ms. Shewmaker did not engage in conduct warranting Dr. Beal, Dr. Fry, or any other physician to request her exclusion from participating in patient deliveries.

Because Ms. Shewmaker is not similarly situated to Mr. Chavez in all relevant aspects, Plaintiff should be prohibited from offering any evidence supporting its argument that she is a proper comparator. Any such evidence would be irrelevant under Fed. R. Evid. 401 and, further, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Fed. R. Evid. 403.

**18.  Exclusion of Testimony Regarding Mr. Chavez Resigning Because of Alleged Discrimination**

Plaintiff should be prohibited from offering testimony, argument, evidence, or colloquy that Mr. Chavez resigned because of alleged discrimination because that theory is no longer part of this case and would improperly invite the jury to decide a dismissed constructive discharge claim.

This Court has already dismissed the EEOC's constructive discharge claim in this case. In doing so, the Court held that the EEOC failed to plausibly allege facts showing that a reasonable person in Mr. Chavez's position would have felt compelled to resign under the circumstances (Doc. 48, p.3). Any testimony that Mr. Chavez resigned "because of discrimination" would therefore be irrelevant under Fed. R. Evid. 401. The Plaintiff's remaining claim concerns whether NWAH

17

subjected Mr. Chavez to different terms, conditions, or privileges of employment because of his sex; it does not include a constructive discharge claim. Indeed, in denying NWAH's Motion for Summary Judgment, the Court expressly stated that the EEOC "cannot point to Mr. Chavez's resignation from NWAH as the adverse employment action on which they anchor their sex discrimination claim[.]" (Doc. 72, p.15). Thus, testimony that Mr. Chavez resigned because of alleged discrimination would not assist the jury in deciding the remaining claim; it would instead invite the jury to treat Mr. Chavez's resignation as an actionable adverse employment action despite this Court's prior rulings.

Such testimony should also be excluded under Fed. R. Evid. 403. Any minimal probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Allowing Plaintiff to suggest that Mr. Chavez resigned because of discrimination would require NWAH to re-litigate why Mr. Chavez resigned, the circumstances surrounding his resignation, and whether those circumstances amounted to constructive discharge—an issue already dismissed from the case. It would also risk misleading the jury into awarding damages based on a theory that is not before it. And, as outlined above, testimony that Mr. Chavez resigned "because of discrimination" would constitute an improper legal conclusion. Plaintiff may introduce admissible evidence concerning the fact and timing of Mr. Chavez's resignation, if otherwise relevant, but it should not be permitted to characterize that resignation as caused by alleged discrimination or as a constructive discharge.

Because the constructive discharge claim has been dismissed, and because this Court has already held that the EEOC may not rely on Chavez's resignation as the adverse employment action supporting its remaining sex discrimination claim, Plaintiff should be precluded from

18

offering testimony, argument, or evidence that Mr. Chavez resigned because of alleged discrimination.

## II.    CONCLUSION

This Motion is submitted for the purpose of calling the Court's attention to certain prejudicial evidentiary items that might otherwise be raised at trial; it is not to be construed as a waiver by Defendant of any right to object to other evidence introduced at trial although not specifically mentioned herein that is, at the time, deemed inadmissible by counsel for Defendant.

WHEREFORE, Defendant respectfully requests the Court enter an order sustaining this Motion in Limine and precluding any reference to the matters set forth in this Motion, or allowing the references as set forth in this Motion, as appropriate. Defendant further requests that this Court order counsel for Plaintiff to advise their witnesses that such matters are not to be discussed during the course of the trial in this matter.

4929-5429-8290.7

Dated this 26th day of June, 2026.

NORTHWEST ARKANSAS HOSPITALS, LLC d/b/a NORTHWEST MEDICAL CENTER-BENTONVILLE, Defendant

*/s/ Gillian G. O'Hara*
Gillian G. O'Hara (*admitted pro hac vice*)
Robert J. Toth, II (*admitted pro hac vice*)
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102-2104
(402) 346-6000
(402) 346-1148
gigi.ohara@kutakrock.com
robert.toth@kutakrock.com

Peyton C. Watts, AR 2020165
Kutak Rock LLP
1277 East Joyce Blvd., Suite 300
Fayetteville, Arkansas 72703
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
peyton.watts@kutakrock.com

4929-5429-8290.7