**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**                    **PLAINTIFF**

**V.**                    **CASE NO. 5:24-CV-5195**

**NORTHWEST ARKANSAS HOSPITALS, LLC d/b/a
NORTHWEST MEDICAL CENTER-BENTONVILLE**                    **DEFENDANT**

**ORDER**

Before the Court are Defendant Northwest Arkansas Hospitals' ("NWAH") Motion to Withdraw Admissions (Doc. 107) and Motion for Individual Voir Dire (Doc. 108). The Court heard oral argument on these motions at the pretrial conference on July 6, 2026. The Court ruled from the bench, and this Order memorializes its rulings. To the extent the rulings in this Order differ from what was stated from the bench, this Order controls. The Motion to Withdraw Admissions (Doc. 107) is **GRANTED IN PART AND DENIED IN PART**. The Motion for Individual Voir Dire (Doc. 108) is **DEFERED UNTIL TRIAL**.

NWAH moves to withdraw two admissions it previously made in response to EEOC's requests for admissions ("RFA"). First, it moves to withdraw its admission that represented party Efrin Chavez was hired "on or about January 10, 2022," because the parties have stipulated that Chavez was hired December 7, 2021. (Doc. 107-1, RFA No. 1). EEOC does not oppose this portion of NWAH's motion, and the motion is accordingly **GRANTED** with respect to NWAH's response to RFA No. 1.

Second, it moves to withdraw its admission that "Dr. Beal and Dr. Fry performed the majority of deliveries at NWAH during Chavez's employment." (Doc. 107-1, RFA No. 22). NWAH's motion was not filed until July 3, 2026, on the eve of trial. The data it relies on in support of its motion to withdraw was not provided to EEOC until months after the

1

close of discovery. Because NWAH's motion is untimely, it is **DENIED** with respect to NWAH's response to RFA No. 22.

NWAH also asks the Court to conduct individual sequestered voir dire regarding panel members' relationships with the doctors who are expected to testify. NWAH argues that the relatively small size of the local medical community means there is a high likelihood some panel members or their loved ones have received medical care from one of the physician witnesses. The intimate nature of obstetric and gynecological care means some panel members may not be forthcoming about their experiences if asked to disclose in front of the entire venire panel. Moreover, if one panel member discloses a negative or traumatic experience like a stillbirth in open court, that may poison the rest of the panel against a physician witness. The Court will **DEFER** until voir dire whether to conduct sequestered follow up based on the number of panel members who identify that they have a relationship with a physician witness during general voir dire.

**IT IS SO ORDERED** on this 13th day of July, 2026.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE