**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**                    **PLAINTIFF**

**V.**                          **CASE NO. 5:24-CV-5195**

**NORTHWEST ARKANSAS HOSPITALS, LLC d/b/a
NORTHWEST MEDICAL CENTER-BENTONVILLE**                    **DEFENDANT**

## OMNIBUS ORDER ON MOTIONS IN LIMINE

This matter is set for a jury trial beginning on July 20, 2026. Before the Court are the Equal Employment Opportunity Commission's ("EEOC") ten Motions in Limine (Docs. 80, 82, 84, 86, 88, 90, 92, 94, 96, 99) and Northwest Arkansas Hospitals, LLC's (NWAH) omnibus Motion in Limine (Doc. 78). EEOC brings this litigation on behalf of represented party Efrin Chavez. The Motions have been responded to and are ripe for decision.

On July 6, 2026, the Court held a pretrial conference during which each party offered oral argument. For the most part, the Court ruled on the motions from the bench; two motions were taken under advisement. The chart below summarizes the parties' positions on each motion, summarizes the Court's bench ruling, and provides a brief explanation for the ruling. The chart also resolves the two motions that were taken under advisement. Citations to "Rules" refer to the Federal Rules of Evidence.

1

| **NWAH's First Motion in Limine** | | |
|---|---|---|
| Doc. 78, ¶ 1 | Motion to Exclude Lay Opinion Testimony that NWAH Discriminated Against Chavez | **GRANTED** |
| NWAH asks the Court to exclude lay testimony that NWAH discriminated against Chavez because such testimony constitutes an impermissible legal conclusion under Rule 701. *See Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411–12 (8th Cir. 1987) ("Because the judge and not a witness is to instruct the factfinder on the applicable principles of law, exclusion of opinion testimony is appropriate if the terms used have a separate, distinct, and special legal meaning. This is true of the term 'discriminate.'" (citations omitted)).  EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. A lay witness may not testify to a legal conclusion or other expert opinion. That said, a lay witness may explain their reasons for taking or not taking any particular actions. | | |

| **NWAH's Second Motion in Limine** | | |
|---|---|---|
| Doc. 78, ¶ 2 | Motion to Exclude EEOC's Administrative Finding of Probable Case of Discrimination | **GRANTED** |
| NWAH asks the Court to exclude the EEOC's administrative finding under Rule 403 because it is minimally probative but highly prejudicial and will confuse the jury and waste time on collateral issues like the sufficiency of EEOC's administrative investigation. *See Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304 (8th Cir. 1984) (holding that EEOC reasonable cause determinations are admissible under hearsay exception but whether or not to actually admit them is in the sound discretion of the trial judge).  EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED** as to EEOC's probable cause determination. The Court will instruct or permit explanation of EEOC's role in the case. | | |

| NWAH's Third Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 3 | Motion to Exclude Testimony About Employees' Regret | **GRANTED** |
| NWAH asks the Court to exclude testimony from former NWAH employees claiming to regret not reporting the alleged sex discrimination against Chavez because such evidence is irrelevant, unduly prejudicial, and constitutes improper lay opinion in violation of Rules 401, 403, and 701.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. This ruling should not be read to prevent witnesses from testifying to facts that they have personal knowledge of. | | |


| NWAH's Fourth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 4 | Motion to Exclude Evidence that Any Physician Breached the Standard of Care | **GRANTED** |
| NWAH asks the Court to exclude evidence about any physician's skill, compliance with the standard of care, or history of medical malpractice claims as irrelevant to the sex discrimination claim and likely to confuse and waste the jury's time by needlessly extending litigation on a collateral issue under Rule 401 and 403.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

| NWAH's Fifth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 5 | Motion to Exclude Evidence About Gender Composition of Ozark Women's Specialty Group | **GRANTED** |
| NWAH asks the Court to exclude evidence regarding the hiring practices or gender composition of Ozark Women's Specialty Group, Drs. Beal and Fry's separate private medical practice because such evidence is irrelevant to whether NWAH discriminated against Chavez and would confuse the jury by conflating the conduct of separate entities in violation of Rules 401 and 403.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. This ruling does not apply to evidence about Drs. Beal or Fry's work at NWAH. | | |

| NWAH's Sixth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 6 | Motion to Exclude Derisive References to Counsel | **GRANTED** |
| NWAH asks the Court to exclude evidence or statements regarding the number of attorneys at Kutak Rock or at trial or to reference that attorneys are from "out of town" because such references are irrelevant and can only serve to prejudice the jury in violation of Rules 401, 402, and 403.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. There should be no such gratuitous comments, but the Court will note where the attorneys for both sides are from during voir dire to help panel members determine whether they know any of the attorneys. | | |

4

| NWAH's Seventh Motion in Limine | | |
| --- | --- | --- |
| Doc. 78, ¶ 7 | Motion to Exclude Verdicts in Similar Cases | **GRANTED** |
| NWAH asks the Court to exclude reference to jury verdicts in similar cases in this or other jurisdictions because such information is irrelevant, inadmissible, and improperly injects counsel's opinion in violation of Rules 401, 402, 403, and Arkansas Rule of Professional Conduct 3.4(e). <br><br> EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

| NWAH's Eighth Motion in Limine | | |
| --- | --- | --- |
| Doc. 78, ¶ 8 | Motion to Exclude Media Coverage | **GRANTED** |
| NWAH asks the Court to exclude news reports, press releases, and similar because such items are inadmissible hearsay and also violate Rule 403. <br><br> EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

| NWAH's Ninth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 9 | Motion to Exclude Evidence Regarding NWAH's Finances | **GRANTED IN PART AND DENIED IN PART** |

NWAH asks the Court to exclude evidence regarding its financial condition, net worth, revenue, profit, etc. because such evidence is irrelevant and would improperly encourage the jury to award damages based on NWAH's perceived ability to pay in violation of Rules 401 and 403.

EEOC responds that it should be allowed to use such evidence after it establishes its entitlement to punitive damages because NWAH's financial position is a relevant consideration for assessing punitive damages. *See TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 462 n.28 (1993) ("Under well-settled law, factors such as [the financial position of the defendant] are typically considered in assessing punitive damages.").

**RULING:** The motion is **GRANTED** to the extent that EEOC may not reference or present evidence about NWAH's finances unless and until it obtains a ruling outside the presence of the jury that it has adduced sufficient evidence to support putting a punitive damages instruction before the jury.

The motion is **DENIED** to the extent that EEOC may present evidence regarding NWAH's finances if and when it receives a ruling that the question of punitive damages will properly be before the jury.

| NWAH's Tenth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 10 | Motion to Exclude Golden Rule Arguments | **GRANTED** |

NWAH asks the Court to exclude Golden Rule arguments.

EEOC does not oppose this motion.

**RULING:** The unopposed motion is **GRANTED**.

| NWAH's Eleventh Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 11 | Motion to Exclude Statements About Witnesses Not Called | **DEFERRED UNTIL TRIAL** |
| NWAH asks the Court to exclude statements or arguments about witnesses NWAH failed to call or that failed to appear because such statements support an improper negative inference against NWAH.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The motion is **DEFERRED** unless and until this issue surfaces at trial. | | |

| NWAH's Twelfth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 12 | Motion to Exclude Expert Testimony from Witnesses Not So Designated | **RULING** |
| EEOC has not disclosed any expert witnesses. NWAH therefore asks the Court to exclude any testimony within the domain of experts, such as psychological diagnosis, who must be qualified as such under Rule 702.<br><br>EEOC does not oppose this motion so long as it does not extend to Chavez's testimony about his own feelings and emotions. | | |
| **RULING:** The motion is **GRANTED** with respect to testimony that would or should be offered by a witness qualified as an expert under Rule 702.<br><br>The motion is **DENIED** to the extent that the prohibition on expert testimony would preclude Chavez from testifying about his own feelings and emotional state. | | |

| NWAH's Thirteenth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 13 | Motion to Exclude Habit or Practice Evidence or Arguments | **GRANTED IN PART AND DEFERRED IN PART** |

NWAH asks the Court to exclude, under Rules 401, 402, and 403, evidence or arguments that NWAH had a habit or practice of discrimination because this is an individual disparate treatment case so evidence of a generalized pattern of discrimination is irrelevant to EEOC's claim and is highly prejudicial.

EEOC does not oppose this motion as applied to Drs. Beal and Fry's employment practices in their separate practice, but maintains that it should be permitted to introduce evidence about statements Drs. Beal and Fry made at NWAH during Chavez's employment about Chavez or males working in labor and delivery generally.

**RULING:** The motion is **GRANTED** to the extent EEOC would seek to introduce evidence or argument about Drs. Beal and Fry's employment practices outside their vaginal deliveries at NWAH or about NWAH's employment practices unrelated to Chavez.

The motion is **DEFERRED** until trial with respect to evidence or argument about Drs. Beal and Fry's practices or policies in their vaginal deliveries at NWAH during Chavez's employment, when the Court will be better able to judge the relevance of such evidence to EEOC's individual disparate treatment claim on behalf of Chavez.

| NWAH's Fourteenth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 14 | Motion to Exclude Evidence Regarding Other Complaints Against NWAH | **GRANTED** |
| NWAH asks the Court to exclude evidence or testimony regarding other lawsuits, charges of discrimination, complaints, or investigations filed against NWAH, because such evidence is irrelevant to the specific claims at issue, would confuse the jury with collateral matters, and would be substantially more prejudicial than probative under Rules 401, 402, and 403.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

| NWAH's Fifteenth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 15 | Motion to Exclude Testimony About Employees Feelings Toward NWAH | **DEFERED UNTIL TRIAL** |
| NWAH asks the Court to exclude testimony regarding how employees personally "feel" about NWAH as an employer, because such testimony is irrelevant to whether NWAH discriminated against Chavez, constitutes an improper lay opinion, and would unfairly prejudice the jury by injecting subjective personal sentiments into the proceedings in violation of Rules 401, 402, 403, and 701.<br><br>EEOC does not generally oppose this motion but asserts that any ruling should not preclude it from introducing employee testimony that NWAH did not, in the employee's view, follow its own antidiscrimination policies. | | |
| **RULING:** The motion is **DEFERED** until trial because of the uncertainty surrounding the context in which this issue might arise. | | |

| NWAH's Sixteenth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 16 | Motion to Exclude Cassidy Lancelot as a Similarly Situated Comparator | **GRANTED** |
| NWAH asks the Court to exclude evidence or argument treating Cassidy Lancelot as a comparator, because she is not similarly situated to Chavez in all relevant aspects. Any such evidence would be irrelevant under Rule 401 and the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Rule 403.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

| NWAH's Seventeenth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 17 | Motion to Exclude Cameron Shewmaker as a Similarly Situated Comparator | **GRANTED** |
| NWAH asks the Court to exclude evidence or argument treating Cameron Shewmaker as a comparator, because she is not similarly situated to Chavez in all relevant aspects. Any such evidence would be irrelevant under Rule 401 and the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Rule 403.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

| NWAH's Eighteenth Motion in Limine | | |
|---|---|---|
| Doc. 78, ¶ 18 | Motion to Exclude Evidence Blaming Discrimination for Chavez's Resignation | **GRANTED IN PART AND DEFERED IN PART** |

NWAH asks the Court to exclude evidence or argument that Chavez resigned because of the alleged discrimination because such theory is no longer part of this case since the Court dismissed Chavez's constructive discharge claim. Such evidence is therefore irrelevant under Rule 401 and the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Rule 403.

EEOC responds that Chavez should be permitted to testify about his reasons for resigning but does not otherwise oppose the motion.

**RULING:** The motion is **GRANTED** as to evidence outside Chavez's testimony. The motion is **DEFERED** until trial with respect to Chavez's testimony about his resignation, at which time the Court will be better able to assess whether questions or testimony are likely to confuse EEOC's surviving disparate treatment claim with its dismissed constructive discharge claim.

| NWAH's Nineteenth Motion in Limine | | |
|---|---|---|
| Doc. 109 (Oral Motion) | Motion to Exclude the Testimony of Jan Furniss | **GRANTED** |

NWAH asks the Court to exclude the testimony of Dr. Jan Furniss under Federal Rule of Civil Procedure 37(c)(1) because EEOC failed to identify her as a testifying witness until its pretrial disclosures despite being asked to identify testifying witnesses during the course of discovery.

EEOC admits that it did not disclose Dr. Furniss as a testifying witness during the course of discovery and does not argue that the failure was substantially justified or harmless.

**RULING:** The motion is **GRANTED** and Dr. Furniss's testimony will be excluded save and except for rebuttal.

| EEOC's First Motion in Limine | | |
|---|---|---|
| Doc. 80 | Motion to Exclude Failure to Complain as Defense | **DEFERED UNTIL TRIAL** |
| EEOC anticipates that NWAH will emphasize that Chavez never complained to HR or internally reported discrimination. Title VII does not require that an employee complained internally to sustain a disparate treatment claim. EEOC argues that evidence about Chavez's failure to complain should be excluded under Rules 401, 402, and 403 because it is irrelevant to whether Chavez was discriminated against and it improperly suggests that discrimination cannot exist unless an employee reports it through internal channels.<br><br>NWAH opposes this motion because evidence about Chavez's failure to complain is relevant to (1) NWAH's lack of notice of perceived discrimination; (2) NWAH's good faith and the reasonableness of its antidiscrimination efforts which are relevant to EEOC's punitive damages claim; (3) causation and the credibility of Chavez's claim that he subjectively believed he was being excluded because of his sex; and (4) Chavez's mitigation of damages. | | |
| **RULING:** The motion is **DEFERED** until the context of trial when the Court will be better able to weigh the relevant factors and consider whether a limiting instruction would address EEOC's concerns. | | |

| EEOC's Second Motion in Limine | | |
| --- | --- | --- |
| Doc. 82 | Motion to Exclude Evidence Regarding Employment of Members of the Protected Class Post-Complaint and in Dissimilar Positions | **DEFERED UNTIL TRIAL** |

EEOC moves to exclude NWAH from introducing evidence or argument concerning its employment of members of the protected class (males) post-complaint or in dissimilar positions under Rules 401, 402, and 403. Regarding post-complaint employment, EEOC asserts that this evidence lacks probative value as to decisionmakers state of mind at the time of the discrimination and its introduction would mislead the jury and allow NWAH to retroactively manufacture a defense. Regarding employment in dissimilar positions, EEOC anticipates that NWAH will seek to introduce evidence that it employed males in different job titles, departments, or divisions than Chavez during Chavez's employment, but these males would not qualify as similarly situated comparators, so this evidence would be irrelevant.

NWAH responds that EEOC's request is too broad, that NWAH does not seek to introduce evidence of post-complaint remedial measures, and that evidence about male hospital employees is relevant and necessary to explain the patient consent process because Chavez was the first non-certified surgical technician employed in labor and delivery at NWAH so there was not a clear consent process for males in that role. Because Chavez was the first, and for a time the only, non-certified surgical technician, NWAH cannot explain its consent processes without talking about other positions. NWAH also contends that by seeking to exclude evidence that other males worked at the hospital, EEOC is attempting to suggest a pattern and practice claim that it has not pled.

**RULING:** The motion is **DEFERRED** until the context of trial because the facts surrounding NWAH's asserted consent processes (or lack thereof) are unclear.

| EEOC's Third Motion in Limine | | |
|---|---|---|
| Doc. 84 | Motion to Exclude Derogatory Comments About the Federal Government | **GRANTED** |
| EEOC asks the Court to bar NWAH from making derogatory comments about the federal government in front of the jury under Rules 401, 402, and 403.<br><br>NWAH does not intend to make derogatory remarks about the government but asserts that it should be permitted to refer to the EEOC as "the federal government" or similar to help the jury understand that the government is bringing suit on behalf of Chavez. | | |
| **RULING:** The motion is **GRANTED**, but non-gratuitous, non-derogatory remarks characterizing the EEOC as an agency of the federal government are not prohibited. | | |

| EEOC's Fourth Motion in Limine | | |
|---|---|---|
| Doc. 86 | Motion to Bar Misrepresentations of Chavez's Mental or Physical Wellbeing | **GRANTED IN PART AND DENIED IN PART** |

EEOC moves to exclude NWAH from introducing any misrepresentations of Chavez's mental or physical condition under Rules 401, 402, and 403. EEOC is concerned that NWAH has suggested Chavez "violated some sort of societal norm in January 2022 without actually naming any such standard or norm" in reference to the patient complaint and Drs. Beal and Fry's complaints about Chavez staring at patients' genitals. EEOC clarified at the hearing that its motion was intended to address statements or evidence characterizing Chavez as a sexual deviant or sexual abuser.

NWAH responds that it does not intend to introduce evidence that Chavez is or was a sexual deviant, but that evidence about Chavez's mental or physical well-being is relevant to EEOC's claim for emotional distress damages and to Chavez's veracity or credibility. NWAH also asserts that Chavez's conduct, namely his alleged staring at patients' genitals, is the reason for his exclusion from certain deliveries—the central factual dispute in this case.

**RULING:** The motion is **GRANTED** in so far as NWAH may not present evidence or argument stating or suggesting that Chavez is or was a sexual predator. The motion is **DENIED** as to factual testimony about Chavez's conduct at work, Drs. Beal and Fry's reasons for their actions, and Chavez's asserted emotional distress as a result.

| EEOC's Fifth Motion in Limine | | |
|---|---|---|
| Doc. 88 | Motion to Exclude the Testimony of Mariah Nelson | **GRANTED** |

NWAH has listed Mariah Nelson on their will call list but never provided her name prior to their pretrial disclosures. EEOC was never given an opportunity to depose or otherwise conduct discovery regarding Nelson. EEOC believes Nelson is the patient who complained about Chavez in January 2022. EEOC asserts that her testimony must be excluded under Federal Rules of Civil Procedure 26(a) and (e) and 37(c)(1).

NWAH responds that although her identity was not disclosed, the existence of a complaining patient has been known to EEOC since NWAH's initial disclosures, when NWAH listed "Persons who may be referenced in documents being produced to Plaintiff in this Disclosure" on its list of persons likely to have discoverable information. Nelson's complaint was included in those documents, and although name and contact information were redacted, NWAH included a footnote in its disclosures stating: "In some cases, patient protected information have been redacted. In the event the Plaintiff has objections with such redaction, NWAH invites the Plaintiff to confer in good faith regarding any dispute." Despite knowing of the patient complaint, EEOC made no attempt to uncover the identity of the patient at any point during discovery.

**RULING:** The motion is **GRANTED** and Nelson's testimony is excluded under Federal Rule of Civil Procedure 37(c)(1). Federal Rule of Civil Procedure 26(a)(1)(A)(i) means what it says regardless of NWAH's invitation for EEOC to confer about NWAH's redactions. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018) ("His request that, '[i]f it is Petco's position that treating physicians must be identified through expert witness certification, please advise,' is of no avail. As the district court stated, '[i]n essence, Vanderberg's counsel asked Petco if the Rules of Procedure regarding expert disclosures mean what they say.'"); *Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200 (8th Cir. 2002) (upholding exclusion even if undisclosed witnesses "had been identified or referenced somewhere in the course of discovery").

EEOC is cautioned, however, that if it introduces evidence or makes statements impeaching Nelson's credibility beyond NWAH's response to her complaint, this ruling does not preclude NWAH from seeking to offer Nelson's testimony to rehabilitate her credibility.

16

| EEOC's Sixth Motion in Limine | | |
|---|---|---|
| Doc. 90 | Motion to Bar Mention of Previous Claims or Claims Dismissed | **GRANTED** |
| EEOC moves under Rules 402 and 403 to bar NWAH from mentioning previous or dismissed claims, namely EEOC's constructive discharge claim which the Court dismissed on NWAH's motion, *see* Doc. 48.<br><br>NWAH does not oppose this motion so long as it is properly limited such that EEOC is also not permitted to argue that Chavez resigned because of discrimination. | | |
| **RULING:** The motion is **GRANTED**. Per the Court's ruling on NWAH's Eighteenth Motion in Limine, EEOC will be limited in its ability to present evidence that Chavez resigned because of discrimination. | | |

| EEOC's Seventh Motion in Limine | | |
|---|---|---|
| Doc. 92 | Motion to Bar NWAH from Asking Jurors to Put Themselves in Its Position | **GRANTED** |
| Like NWAH, EEOC asks the Court to bar so-called "Golden Rule" arguments.<br><br>NWAH does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

| EEOC's Eighth Motion in Limine | | |
|---|---|---|
| Doc. 94 | Motion to Bar NWAH from Mentioning the Source for Payment of Damages | **GRANTED** |
| EEOC is concerned that NWAH may attempt to introduce evidence of how damages may be paid to suggest that such payment may increase medical costs for people receiving care from NWAH or prevent NWAH from providing services related to its non-profit work. *Plamp v. Mitchell School Dist. No. 17-2*, 565 F.3d 450, 463 (8th Cir. 2009).<br><br>NWAH does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED.** | | |

| EEOC's Ninth Motion in Limine | | |
|---|---|---|
| Doc. 96 | Motion to Exclude Supplemental Discovery Responses | **GRANTED IN PART AND DENIED IN PART** |

NWAH produced supplemental discovery to EEOC on June 22 and 26, 2026, a month before trial and more than three months after the close of discovery. June 26 was the motion in limine deadline. EEOC asks that this evidence be excluded under Federal Rule of Civil Procedure 37(c)(1). The supplemental discovery was about the number of vaginal and cesarean deliveries at NWAH for each of five OB-GYNs with admitting privileges during the relevant period. NWAH initially timely provided these numbers, but then indicated at the outset of depositions that the numbers provided were inaccurate or incomplete. NWAH provided new numbers in a supplemental interrogatory response on June 22, 2026. NWAH also provided documents as a supplemental response to EEOC's request for production on June 26, 2026.

NWAH responds that it has an affirmative duty to supplement, it did so when it was able, exclusion is too drastic a remedy, and EEOC has long been on notice that there were issues with the initial data.

**RULING:** The motion is **GRANTED** to the extent that NWAH may not introduce in documentary form or through testimony the numbers and supporting documents it produced in June. Both EEOC and NWAH knew as early as February that the previously supplied numbers were inaccurate, but under Federal Rule of Civil Procedure 26(e)(1)(A), NWAH was obligated to supplement or correct its earlier production "in a timely manner" regardless of whether EEOC asked. NWAH's supplementation was untimely. "[F]ailure to disclose in a timely manner is equivalent to failure to disclose," *Vanderberg*, 906 F.3d at 704, and under Federal Rule of Civil Procedure 37(c)(1), the appropriate sanction for failure to disclose is exclusion. The Court expects that NWAH will comply in good faith with this order.

The motion is **DENIED** to the extent that EEOC asks the Court to prevent NWAH from using its untimely responses in preparing its witnesses. EEOC does not cite any authority under which the Court can direct a party's witness preparation as a discovery sanction.

| EEOC's Tenth Motion in Limine | | |
|---|---|---|
| Doc. 99 | Motion to Exclude Evidence of Purported Malfunctioning of NWAH's Badge Tracking System | **DENIED** |
| NWAH has made conflicting statements about whether its employee badge tracking system is operational. In response to the patient complaint about Chavez, NWAH represented that the badge tracking system cleared him of wrongdoing. But in Drs. Beal and Fry's depositions, they testified that the badge tracking system was faulty. EEOC asserts that NWAH should not be permitted to introduce evidence about the badge tracking system working or not working "without producing a witness who can testify to the status of that system as it was in 2022." <br><br> NWAH responds that EEOC should not be allowed to make a one-sided presentation that the badge-tracking system exonerates Chavez with respect to the patient complaint while simultaneously preventing NWAH from explaining how the system works including its purported malfunctioning. | | |
| **RULING:** The motion is **DENIED**. The inconsistency between NWAH's response to the patient complaint in 2022 and Drs. Beal and Fry's testimony that the badge tracking system was imperfect presents a fact dispute for the jury to resolve. | | |

| EEOC's Eleventh Motion in Limine | | |
|---|---|---|
| Doc. 103 | Motion to Exclude NWAH's Supplemental Discovery Responses | **DENIED** |

EEOC asks the Court to exclude the testimony of Patrick Kerrwood, NWAH's CEO, because he was never identified by NWAH as a witness in during discovery but was listed as a may call witness in NWAH's pretrial disclosure sheet. EEOC also listed Kerrwood on its will call list, stated in its motion that he was listed inadvertently, but admitted at the pretrial conference that EEOC did plan to call him before realizing that it cannot subpoena him because he resides in Illinois.

NWAH responds that EEOC's motion was filed after the motion in limine deadline. NWAH also asserts that its failure to disclose was harmless and EEOC will suffer no prejudice because EEOC planned to call Kerrwood itself.

**RULING:** The motion is **DENIED** because NWAH's failure to disclose Kerrwood was harmless. If NWAH calls Kerrwood, EEOC will be allowed to exceed the scope of NWAH's direct examination.

 

**IT IS SO ORDERED** on this 13th day of July, 2026.

*/s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE