**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**                    **PLAINTIFF**

**V.**                              **CASE NO. 5:24-CV-5195**

**NORTHWEST ARKANSAS HOSPITALS, LLC d/b/a
NORTHWEST MEDICAL CENTER-BENTONVILLE**                    **DEFENDANT**

**<u>FINAL JURY INSTRUCTIONS</u>**

| <u>General Instructions</u> |
|---|
| 1.    Additional Instructions |
| 2.    Judge's Opinion |
| 3.    Burden of Proof |
| 4.    Evidence |
| 5.    Credibility of Witnesses |

| **Claim – Title VII Sex Discrimination**<br><br>**<u>Elements and Explanations of Claim</u>** |
|---|
| 6.1    Elements of Claim |
| 6.2    Definition: Motivating Factor |
| 6.3    Pretext |
| 6.4    "Same Decision" |
| 6.5    Business Judgment |
| 6.6    Third Party Preferences |
| 6.7    Damages: Actual |
| 6.8    Damages: Nominal |
| 6.9    Damages: Punitive |

| |
|---|
| **<u>Deliberation Instructions</u>** |
| 7.     Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form |

## **General Instructions**

1.      Additional Instructions

2.      Judge's Opinion

3.      Burden of Proof

4.      Evidence

5.      Credibility of Witnesses

**<u>FINAL INSTRUCTION NO. 1</u>**

**ADDITIONAL INSTRUCTIONS**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions—the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important.  This is true even though I am not going to repeat some of the instructions I gave you earlier in the trial.

You each have a copy of the written instructions I am reading to you now. This is your copy to take with you to the jury room. But remember, you have to follow all of my instructions, no matter when I give them, and whether or not you have written copies.

You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

## **FINAL INSTRUCTION NO. 2**

### **JUDGE'S OPINION**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

## FINAL INSTRUCTION NO. 3

## BURDEN OF PROOF

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

## FINAL INSTRUCTION NO. 4

### EVIDENCE

You shall base your verdict only upon the evidence and these instructions.  As I mentioned at the beginning of this trial, the word "evidence" means the testimony of witnesses, exhibits received by the Court, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.  For any item of evidence, if I have told you that you may consider it for one purpose but not for another purpose, then you must follow that instruction.

Evidence may be direct or circumstantial.  The weight to be given any evidence is for you to decide.

Throughout this trial, references have been made to demonstrative aids and other miscellaneous items that were not received into evidence.  Only exhibits formally offered and received by the Court are available to you during your deliberations, and you will be provided with these. You may examine the exhibits very closely, but you may not alter them. Documents or items read from or referred to, which were not offered and received into evidence, are not available to you.

Also, remember that the following are not evidence: (1) statements, arguments, questions, and comments by the lawyers; (2) objections and rulings on objections; (3) testimony I struck or told you to disregard; and (4) anything you saw or heard about this case outside the courtroom.

**FINAL INSTRUCTION NO. 5**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

**Claim – Title VII Sex Discrimination**

**Elements and Explanations of Claim**

6.1    Elements of Claim

6.2    Definition: Motivating Factor

6.3    Pretext

6.4    "Same Decision"

6.5    Business Judgment

6.6    Third Party Preferences

6.7    Damages: Actual

6.8    Damages: Nominal

6.9    Damages: Punitive

## **FINAL INSTRUCTION NO. 6.1**

### **ELEMENTS OF CLAIM**

Your verdict must be for plaintiff, the Equal Employment Opportunity Commission, and against defendant, Northwest Arkansas Hospitals on the EEOC's sex discrimination claim if all the following elements have been proved:

*First*, Northwest subjected Efrin Chavez to disadvantageous change(s) in his terms, conditions, or privileges of employment;

*Second*, Mr. Chavez's sex was a motivating factor in Northwest subjecting him to disadvantageous change(s) in his terms, conditions, or privileges of employment.

If either of the above elements has not been proved, your verdict must be for Northwest and you need not proceed further in considering this claim.

**FINAL INSTRUCTION NO. 6.2**

**DEFINITION: MOTIVATING FACTOR**

As used in these instructions, Mr. Chavez's sex was a "motivating factor," if his sex or the sex-based preference of any physician played a part in Northwest subjecting him to different terms, conditions, or privileges of employment. However, Mr. Chavez's sex or the sex-based preference of any physician need not have been the only reason he was subjected to different terms, conditions, or privileges of employment.

## <u>FINAL INSTRUCTION NO. 6.3</u>

## PRETEXT

You may find that Mr. Chavez's sex was a motivating factor in Northwest's conduct if the EEOC has proved that Northwest's stated reason(s) for its conduct are not the real reason, but are a pretext to hide sex discrimination.

## FINAL INSTRUCTION NO. 6.4

### "SAME DECISION"

If you find that the EEOC has established the elements of its sex discrimination claim under Final Instruction No. 6.1, then you must answer the following question in the verdict form:

Has Northwest proved that it would have subjected Mr. Chavez to the same disadvantageous change(s) in his terms, conditions, or privileges of employment regardless of his sex or the sex-based preference of any physician?

## <u>FINAL INSTRUCTION NO. 6.5</u>

### BUSINESS JUDGMENT

You may not return a verdict for the EEOC just because you might disagree with Northwest's conduct or believe it to be harsh or unreasonable, as long as Northwest would have engaged in the same conduct regardless of Mr. Chavez's sex or the sex-based preference of any physician.

## FINAL INSTRUCTION NO. 6.6

## THIRD PARTY PREFERENCES

In determining whether Northwest discriminated against Mr. Chavez because of his sex, you may consider all of the evidence regarding the reasons for its actions; however, the preferences, biases, or requests of physicians do not, by themselves, constitute a lawful justification for an employment decision based on sex.

An employer may not exclude, limit, classify, or otherwise adversely affect an employee because of the sex-based preferences of physicians. Physicians and hospitals may, however, honor an individual patient's sex-based request for privacy in an intimate care setting.

Therefore, if you find that Northwest acted because it was accommodating the sex-based preferences or biases of physicians, you may consider that fact as evidence that Mr. Chavez's sex was a motivating factor in the decision. You may not, however, consider an individual patient's sex-based request for privacy in an intimate care setting or actions undertaken by a physician or Northwest in complying with such a request as evidence that sex was a motivating factor.

## FINAL INSTRUCTION NO. 6.7

## DAMAGES: ACTUAL

If you find in favor of the EEOC under Final Instruction No. 6.1 and if you answer "no" in response to Final Instruction No. 6.4, then you must award the EEOC such sum as you find will fairly and justly compensate Mr. Chavez for any damages you find he sustained as a direct result of being subjected to different terms, conditions, or privileges of employment.

The parties agree that Mr. Chavez did not suffer any damages in the form of lost wages. Therefore, you must determine the amount of any other damages sustained by Mr. Chavez, such as emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

**FINAL INSTRUCTION NO. 6.8**

**DAMAGES: NOMINAL**

If you find in favor of the EEOC under Final Instruction No. 6.1, and if you answer "no" in response to Final Instruction No. 6.4, but you find that Mr. Chavez's damages have no monetary value, then you must return a verdict for the EEOC in the nominal amount of One Dollar ($1.00).

**FINAL INSTRUCTION NO. 6.9**

**DAMAGES: PUNITIVE**

In addition to the damages mentioned in Final Instructions No. 6.7 and 6.8, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the EEOC under Final Instruction No. 6.1, and if you answer "no" in response to Final Instruction No. 6.4, then you must decide whether Northwest acted with malice or reckless indifference to Mr. Chavez's right not to be discriminated against on the basis of his sex. Northwest acted with malice or reckless indifference if it has been proved that Northwest knew that the change(s) to the terms, conditions, or privileges of Mr. Chavez's employment were in violation of the law prohibiting sex discrimination, or acted with reckless disregard of that law.

However, you may not award punitive damages if Northwest has proved that it made a good-faith effort to comply with the law prohibiting sex discrimination.

If you find that Northwest acted with malice or reckless indifference to Mr. Chavez's rights and did not make a good-faith effort to comply with the law, then, in addition to any other damages to which you find the EEOC entitled, you may, but are not required to, award the EEOC an additional amount as punitive damages for the purposes of punishing Northwest for engaging in such misconduct and deterring Northwest and others from engaging in such misconduct in the future. You should presume that Mr. Chavez has been made whole for his injuries by the damages awarded under Final Instructions No. 6.7 or 6.8.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible Northwest's conduct was. In this regard, you may consider whether there was intentional malice; whether Northwest's conduct that harmed Mr. Chavez also posed a risk of harm to others; and whether there was any repetition of the wrongful conduct.

2. How much harm Northwest's wrongful conduct caused Mr. Chavez.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Northwest's financial condition, to punish Northwest for its wrongful conduct toward Mr. Chavez and to deter Northwest and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Mr. Chavez.

**<u>Deliberation Instructions</u>**

7.      Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

**FINAL INSTRUCTION NO. 7**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth*, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone — including me — how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The form reads: [(read form)]. You will take this form to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.